UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE MENDOZA,<br>　　　Plaintiff, | No. 3:17-cv-00150 (SRU) |
| 　　v. | |
| VANGUARD PRODUCTS CORP.,<br>　　　Defendant. | |

**CONFERENCE MEMORANDUM AND ORDER**

　　On March 20, 2017, I held a Rule 16 pretrial conference off the record with Gregory P. Klein, attorney for the plaintiff, Jose Mendoza; and Joseph Michael Musco, attorney for the defendant, Vanguard Products Corp. ("Vanguard"). We discussed jurisdictional issues, the timeliness of Mendoza's claims, and the possibility of settlement.

　　As an initial matter, I questioned whether I have subject matter jurisdiction over the complaint. "[E]mployees do not have a private right of action" under the Occupational Safety and Health ("OSH") Act, *Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir. 1983), and I cannot exercise diversity jurisdiction because the parties are both citizens of Connecticut. Perhaps federal question jurisdiction exists when a state negligence claim is premised on a violation of the OSH Act, but I am not aware of any cases that so hold. Therefore, I asked counsel to research whether I have subject matter jurisdiction over Mendoza's claims, and to report their results by April 3, 2017. If I determine that I lack jurisdiction, then I will remand the case to state court.

　　In addition, I identified a statute of limitations problem. Mendoza alleges that he was injured on January 1, 2015. *See* Compl., Doc. No. 1-1, at 5. Under Connecticut's two-year statute of limitations for personal injuries caused by negligence, he was required to file suit by January 1, 2017. *See* Conn. Gen. Stat. § 52-584. Vanguard was not served with the writ, summons, and

complaint by a state marshal until January 4, 2017, however, and in Connecticut, "an action is brought on the date on which the writ is served on a defendant." *John H. Kolb & Sons v. G & L Excavating*, 76 Conn. App. 599 n.5 (2003); *see* Compl., Doc. No. 1-1, at 10. Nevertheless, Mendoza's action may be timely if he delivered the writ of summons and complaint to the state marshal within the limitations period. *See* Conn. Gen. Stat. § 52-593a ("[A] cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal . . . within such time and the process is served, as provided by law, within thirty days of the delivery."). Hence, I directed Mendoza to produce an affidavit from the state marshal attesting that the marshal received the writ, summons, and complaint before January 1, 2017.

Assuming that subject matter jurisdiction exists, I set December 31, 2017 as the discovery deadline and December 31, 2017 as the deadline for dispositive motions. The Rule 26(f) Report is approved to the extent it is not inconsistent with the terms of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of March 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge