# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE MENDOZA,<br>    Plaintiff,<br><br>    v.<br><br>VANGUARD PRODUCTS CORP.,<br>    Defendant. | No. 3:17-cv-00150 (SRU) |

## ORDER REMANDING CASE

Vanguard Products Corp. ("Vanguard") removed Jose Mendoza's state tort suit to this court on February 1, 2017. Notice of Removal, Doc. No. 1. Vanguard asserted that, because Mendoza claims that work conditions at Vanguard failed to meet federal standards under the Occupational Safety and Health Act ("OSH Act"), his civil action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. At the Rule 16 pretrial conference held on March 20, 2017, I asked counsel to research whether an alleged violation of the OSH Act affords subject matter jurisdiction over a state tort suit. *See* Conf. Mem. & Order, Doc. No. 12, at 1. Counsel have reported that subject matter jurisdiction is lacking, and I agree.

Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, whether a civil action may be removed from state court turns on whether "the district court has original jurisdiction," *Aetna Health v. Kirshner*, 415 F. Supp. 2d 109, 112 (D. Conn. 2006), as determined "by looking to the complaint as it existed at the time the petition for removal was filed." *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 79 (D. Conn. 1998).

"The burden of establishing the existence of federal subject matter jurisdiction rests on the removing party," *Kirshner*, 415 F. Supp. at 112, and "courts may raise jurisdictional defects in removal cases *sua sponte*." *Stark v. Tyron*, 171 F. Supp. 3d 35, 39 (D. Conn. 2016) (citing *Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 53 (2d Cir. 1996)). "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8 (1983).

"[E]mployees do not have a private right of action" under the OSH Act, *Donovan v. OSHRC*, 713 F.2d 918, 926 (2d Cir. 1983), and so I cannot exercise subject matter jurisdiction on a theory that Mendoza states a claim for violation of that statute. Nor has Mendoza raised a federal claim simply because he contends that the alleged violation of the OSH Act supports his state cause of action for negligence. Even if a violation of the OSH Act or its regulations constituted negligence *per se* under state law—which the Second Circuit has held it does not, *see Jones v. Spentonbush–Red Star Co.*, 155 F.3d 587, 595–96 (2d Cir. 1998)—a complaint that merely "alleg[es] a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 818 (1986) (quoting 28 U.S.C. § 1331).

In short, no federal question jurisdiction exists over Mendoza's lawsuit. Diversity jurisdiction also is lacking, because Mendoza is a resident of Connecticut and Vanguard is a Connecticut corporation. *See* 28 U.S.C. § 1332. As a result, Mendoza's case is "not within the original jurisdiction of the United States district courts" and "was not properly removed." *Franchise Tax Bd.*, 463 U.S. at 8. I dismiss the case *sua sponte* for lack of subject matter

jurisdiction, *see Stark*, 171 F. Supp. 3d at 39, and direct the Clerk to effect remand to Connecticut Superior Court, Judicial District of Danbury at Danbury.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of April 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge